IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO CARDENAS CALIS, ) | C 08-4265 MMC(PR) |
| Petitioner, ) | **ORDER OF TRANSFER** |
| vs. ) | |
| WARDEN B. CURRY, ) | |
| Respondent. ) | |

On September 10, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of a conviction obtained in the Superior Court of Los Angeles County. Petitioner has paid the filing fee.

Pursuant to 28 U.S.C. § 2241(d), venue for a habeas action is proper in either the district of confinement or the district of conviction. See 28 U.S.C. § 2241(d). Where the petition challenges a conviction or sentence, however, federal courts in California traditionally have chosen to hear such petition in the district of conviction. See Dannenberg v. Ingle, 831 F. Supp. 767, 767 (N.D. Cal. 1993); Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968); see also Habeas L.R. 2254-3(a)(1). In the instant action, petitioner was convicted in Los Angeles County, which is located within the venue of the Central District of California. See 28 U.S.C. § 84(c). Consequently, venue is proper in the Central District, not

1 | in the Northern District.

2 | When venue is improper, the district court has the discretion to either dismiss the
3 | action or transfer it "in the interest of justice." See 28 U.S.C. § 1406(a). Accordingly, in the
4 | interest of justice, the above-titled action is hereby TRANSFERRED to the United States
5 | District Court for the Central District of California.

6 | IT IS SO ORDERED.

7 | DATED: September 19, 2008

_____
MAXINE M. CHESNEY
United States District Judge